HON. RAYMOND T. SCHULER Commissioner, Department of Transportation
HON. PETER A.A. BERLE Commissioner, Department of Environmental Conservation
This is in reply to Commissioner Schuler's letter, received May 14, 1976, and Commissioner Berle's letter, received July 12, 1976, in which my opinion is requested as to certain questions pertaining to the time frame provided in Environmental Conservation Law, Article 24, for county, city, town or village adoption of local fresh-water protection laws or ordinances.
Commissioner Schuler's letter requests an opinion as to "whether, under Section 24-0501 of the Environmental Conservation Law, if a city, town or village fails by September 1, 1976 to adopt a local freshwater protection law, is that city, town or village thereafter barred from obtaining freshwater wetlands permit jurisdiction under Article 24 of the Environmental Conservation Law?" Commissioner Berle's letter joins in Commissioner Schuler's request for an opinion and requests that the following additional questions also be answered:
 "1. When does the ninety day period provided by Section 24-0501 (4) for a county to adopt a freshwater wetlands protection law or ordinance commence?
 "2. If a city, town, village or county fails to timely adopt and/or implement a freshwater wetlands protection law or ordinance, is it forever precluded from exercising its authority under Article 24 with respect to those wetlands over which its jurisdiction would pass to the county or to the Department of Environmental Conservation, or would it be able at some time in the future to recover that authority upon its adoption and implementation of a freshwater wetlands protection law or ordinance consistent with Article 24?"
(In my opinion, the second question posed by Commissioner Berle is, in effect, a restatement of the question posed by Commissioner Schuler.)
Article 24 of the Environmental Conservation Law, entitled "Freshwater Wetlands" (the "Act"), was enacted by the Legislature in 1975 (L. 1975, c. 614) and became effective September 1, 1975. The Act represents a comprehensive plan by the State to regulate the use and development of freshwater wetlands within the State.
Pursuant to § 24-0501 of the Act, each local government is given the option of adopting (and implementing) its own freshwater protection law or ordinance, subject to certain restrictions not here relevant.
Section 24-0501, entitled "Local freshwater wetlands protection procedures", provides, in subdivision 1, as follows:
 "1. Effective within one year from the effective date hereof, each local government may adopt and if adopted shall, upon the filing of the appropriate freshwater wetlands map [by the Department of Environmental Conservation], implement a freshwater wetlands protection law or ordinance in accordance with this article to be applicable to all freshwater wetlands within its jurisdiction."
It is the position of the Department of Transportation that theadoption of a local law or ordinance must be accomplished within one year after the effective date of the Act and, accordingly, if a local government fails to adopt a local freshwater wetlands law or ordinance by September 1, 1976, that local government would thereafter be barred from obtaining freshwater wetlands jurisdiction.
It is the position of the Department of Environmental Conservation that the September 1, 1976 date is not a critical date, and that a local government would lose local freshwater wetlands jurisdiction only if said local government fails to both adopt and implement a local law or ordinance after the Department of Environmental Conservation has filed its appropriate freshwater wetlands map for the area in which the particular local government is situate.
On its face, § 24-0501 clearly provides that both the adoption and implementation of a local freshwater wetlands protection law or ordinance are each subject to a separate specific time limitation.
With respect to the adoption of such a law or ordinance by a local government, the language of the statute provides that if it is to be done at all, it must be done "within one year from the effective date [of the Act]". Any other construction would be totally contrary to the plain meaning of the statutory language. Since the Act became effective September 1, 1975, a local government must exercise its option to adopt such a local law or ordinance by September 1, 1976.
If the local government exercises its option within the one year period, and adopts such a local law or ordinance, then it mustimplement the law or ordinance "upon the filing of the appropriate freshwater wetlands map" by the Department of Environmental Conservation.
The consequences of a local government's failure to exercise its option to adopt and implement such a local law or ordinance within the time periods discussed above are set forth in § 24-0501 (4). That subdivision provides as follows, in pertinent part:
 "4. If a city, town or village fails, within the period provided in subdivision one, to adopt and implement a freshwater protection law or ordinance in accordance with this article, it shall be deemed to have transferred the function to the county * * *."
The clear meaning of this language is that if a local government fails to either (1) adopt a local law or ordinance by September 1, 1976 (the period provided in § 24-0501 [1]) or, assuming one is adopted, (2) implement same upon the filing of the appropriate freshwater wetlands map (again the period provided in § 24-0501 [1]) then the local government will be deemed to have transferred the function (i.e., the adoption and implementation of a freshwater protection law) to the County:
With respect to the first additional question posed by Commissioner Berle's letter, § 24-0501 (4) provides that in the event a local government does "default" and the adoption (and implementation) of a freshwater protection law or ordinance is transferred to the County:
 "If the county fails within ninety days after the expiration of such period to adopt a freshwater wetlands protection law or ordinance in accordance with this article, it shall be deemed to have transferred the function to the department [of environmental conservation]."
Once again, the statutory language is clear and unambiguous, and requires that counties exercise their option to adopt a freshwater wetlands protection law or ordinance within 90 days after the local government has defaulted in adopting such a local law or ordinance (that is, within 90 days from September 1, 1976) or else the county itself will be deemed to have defaulted and the "function" will be transferred to the State.
A comparison between the statutory language contained in § 24-0501 (1) as originally submitted to the Legislature (S. 6450), and the language of § 24-0501 (1) as ultimately approved, further supports the conclusion that both the adoption and implementation of a local law or ordinance are each subject to a separate time limitation.
In contrast to the two separate time periods contained in the enacted version, the original version of § 24-0501 (1) provided as follows:
 "1. Effective within one year from the effective date hereof, each city, county, town or village may adopt and implement a freshwater protection law or ordinance in accordance with this article to be applicable to all freshwater wetlands within its jurisdiction." (Emphasis ours.)
Quite clearly, the original version of this section provided for the option of local governments to both adopt and implement a local law or ordinance within one year from the effective date of the Act. The amended version, of course, left intact the one year limitation with respect to the adoption step, but changed the time limitation with respect to the implementation step.
While no stated reason for this change can be found in the legislative history, one obvious explanation is that the Department of Environmental Conservation would not be able to complete and file the freshwater wetlands maps within a one year period and, accordingly, the implementation of the local law or ordinance necessarily had to be removed from the one year time limitation.
By having left the adoption step unchanged, the Legislature has clearly indicated its intent that local governments' option toadopt a local law or ordinance be limited to a one year period. The contrary position urged by the Department of Environmental Conservation — that the critical date for both the adoption and implementation steps is the filing of the appropriate freshwater wetlands map — is completely inconsistent with this legislative history and would, as Commissioner Schuler correctly suggests, make the one year period provided by the Legislature meaningless.
Nor would a local government, in the event that it fails to adopt a local law or ordinance by September 1, 1976, retain any jurisdiction over freshwater wetlands, other than those designated as such on the freshwater wetlands map, pursuant to Environmental Conservation Law, § 24-0507.
Section 24-0507 provides that local governments shall retain jurisdiction over all areas which would qualify as freshwater wetlands but which, for one reason or another, have not been included on the freshwater wetlands map prepared by the Department of Environmental Conservation. This section further provides, however, that this local jurisdiction shall be retained "in accordance with § 24-0501". Thus, if a local government has failed to exercise its option to adopt a local law or ordinance by September 1, 1976, then, pursuant to § 24-0501, the entire "function" including jurisdiction over wetlands pursuant to § 24-0507, is transferred to the county.
Since the Freshwater Wetlands Act makes no other provision for the retention or recovery of jurisdiction by a local government, there is no basis whatsoever for concluding that a local government or county which has defaulted could subsequently recover its local jurisdiction by thereafter adopting a local law or ordinance. As discussed above, the adoption step must take place within the time period specified in the statute in order for the local law or ordinance to be valid.
The language of the statute being clear and free from ambiguity, statutory construction should not be indulged in. As stated in McKinney's Statutes, § 76, "* * * to interpret a statute where there is no need for interpretation, to conjecture about or to add to or to subtract from words having a definite meaning, or to engraft exceptions where none exist are trespasses by a court upon the legislative domain".
It is my opinion therefore, that if a local government fails to adopt a local freshwater wetlands law or ordinance by September 1, 1976 (or, assuming such failure, if a county fails to adopt such a law or ordinance within 90 days thereafter), that local government (or county) would thereafter be permanently barred from obtaining freshwater wetlands permit jurisdiction under Article 24 of the Environmental Conservation Law.
I recognize that this opinion may impose some hardship on those local governments throughout the State which may wish to preserve their right to adopt (and implement) their own local freshwater wetlands laws or ordinances, since it will require these local governments to take immediate action in order to adopt such a local law or ordinance by September 1, 1976. For that reason, I urge the Department of Environmental Conservation to promptly advise the various local governments that, pursuant to § 24-0501 (2) and (3), a local law or ordinance may be adopted which sets forth and refers to the procedures and concepts already set forth elsewhere in the Act. This would have the effect of preserving a local government's subsequent right to act since, pursuant to subdivision 3, "At any time after a local adoption of the procedures contained in this article, a local government subject to this section may rescind its adoption thereof and simultaneously adopt a local freshwater wetlands protection procedure in accordance with subdivisions one and two of this section." Indeed, the last quoted material indicated legislative intent to preserve the local option in situations where local action cannot otherwise be taken prior to September 1, 1976.
I further note that in the event that numerous local governments find it necessary to "default" because of an inability to act prior to September 1, 1976, the Legislature is free to amend Environmental Conservation Law, § 24-0501, to provide an extended date for county or local action.
This is in response to your letter, received August 9, 1976, in which you request certain clarifications concerning my opinion of July 26, 1976, regarding the Freshwater Wetlands Act.
Dated: August 16, 1976
HON. PETER A.A. BERLE Commissioner, Department of Environmental Conservation
In that opinion, I concluded that, pursuant to Environmental Conservation Law, §§ 24-0501 and 24-0504, a local government will lose local jurisdiction over all freshwater wetlands within its jurisdiction (as shown on the Freshwater Wetlands Map Inventory to be prepared by your Department), unless the local government adopts a freshwater protection law or ordinance by September 1, 1976. I further concluded that, pursuant to § 24-0507 of the Act, this forfeiture of jurisdiction would also apply to those areas which would qualify as freshwater wetlands, as that term is defined in the Act, but which, for one reason or another, have not been included on the Inventory Map.
It is with respect to this latter portion of my opinion that you request a clarification. Specifically, you ask whether § 24-0507 would apply to those areas which have not been included on the Freshwater Wetlands Map because they are less than 12.4 acres in size and have been determined to not be of unusual local importance.
It is my opinion that neither § 24-0507, nor, for that matter, any portion of the Freshwater Wetlands Act, applies to areas which have biological characteristics of a wetland but are less than 12.4 acres in size and not of unusual local importance.
Freshwater wetlands are defined in § 24-0107 (1) as "* * * lands and waters of the State as shown on the freshwater wetlands map * * *".
Pursuant to § 24-0301 of the Act, the Commissioner of Environmental Conservation is directed to "conduct a study to identify and map those individual freshwater wetlands in the State of New York which shall have an area of at least twelveand four-tenths acres or more, or if less * * * having in thediscretion of the Commissioner * * * unusual local importance * * *." (Emphasis supplied.)
Accordingly, for purposes of the Freshwater Wetlands Act, an area is not defined as a wetland unless it has the necessary biological and physical characteristics of a wetland (described elsewhere in the Act) and is 12.4 acres or more in size, or, if smaller, is of unusual local importance.
It clearly follows from this that local jurisdiction over any area which does not qualify as a "wetland", as that term is defined in the Act, cannot be "forfeited" by that local government, since the Act does not apply to these areas. Therefore, a local government may, at any time, pursuant to its police power, adopt a local law or ordinance applicable to those areas not within the reach of the Freshwater Wetlands Act.
I trust that this letter satisfactorily clarifies my earlier opinion.